1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INGENUITY 13 LLC,                                   No. C 12-04977 WHA

　　　　　　Plaintiff,

　v.                                                **ORDER GRANTING EX PARTE
                                                    MOTION FOR EXPEDITED
JOHN DOE,                                           DISCOVERY**

　　　　　　Defendant.

_____/

　　　Plaintiff Ingenuity 13 LLC asserts claims of copyright infringement against an

unidentified John Doe for downloading and distributing plaintiff's copyrighted adult video

without permission.  Plaintiff claims to have identified the Internet Protocol address for the

unidentified Doe and seeks permission to take limited, expedited discovery in order to obtain the

name and contact information of the Doe associated with that IP address.

　　　Rule 26(d) allows a court to authorize early discovery before the Rule 26(f) conference

where it is in the interests of justice.  When the identity of defendant is not known before a

complaint is filed, the plaintiff "should be given an opportunity through discovery to identify the

unknown defendants unless it is clear that discovery would not uncover the identities, or that the

complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

Cir. 1980).  Courts have examined whether (1) the Doe defendant is identified with sufficient

specificity that the court can determine that the defendant is a real person who can be sued in

federal court, (2) plaintiff has taken steps to locate and identify the defendant, (3) the action can

withstand a motion to dismiss, and (4) the discovery is likely to lead to identifying the

United States District Court

For the Northern District of California

1    information that will permit service of process.  *AF Holdings LLC v. John Doe*, No. Civ. 124218

2    WHA (N.D. Cal. Sept. 5, 2012) (Alsup, J.).

3        Plaintiff has shown good cause for limited, expedited discovery into the identify of Doe

4    defendant.  Plaintiff has alleged that it is the exclusive rights holder to the copyrighted video

5    (Compl. ¶¶ 18–19, Exh. A).  Plaintiff has gathered evidence of the Doe's infringing activities

6    (Hansmeier Decl. ¶¶ 14–27).  There is evidence that Doe used an online peer-to-peer media

7    distribution system, BitTorrent, to download plaintiff's copyrighted video and distribute

8    plaintiff's copyrighted video to third parties (*id.* ¶ 22–27).  Plaintiff's agent downloaded the

9    video file that Doe unlawfully distributed and confirmed that the file consisted of plaintiff's

10   copyrighted video (*id.* ¶ 25).  All of this information was gathered by a technician using

11   procedures designed to ensure that the information gathered about Doe was accurate (*id.* ¶ 16).

12   Plaintiff has identified the ISP that provided Internet access to Doe as Wave Broadband (*id.* ¶¶

13   24, 28).  Based on the IP address, plaintiff pleads that defendant resides in or committed

14   copyright infringement in California (Compl. ¶ 6).  When presented with the IP address and the

15   date and time of infringing activity, Wave Broadband should be able to identify the name and

16   address of Doe defendant because that information is contained in the ISP's subscriber activity

17   log files (Hansmeier Decl. ¶ 22).  Plaintiff's request for discovery of Doe's identity is not

18   prejudicial because the request is narrowly tailored to basic contact information.  As the Second

19   Circuit has persuasively articulated, "expectation of privacy for sharing copyrighted [works]

20   through an online file-sharing network [is] simply insufficient to permit [Doe defendant] to avoid

21   having to defend against a claim of copyright infringement."  *Arista Records, LLC v. Doe 3*, 604

22   F.3d 110, 117–24 (2d Cir. 2010) (allowing discovery in similar circumstances).  Moreover, there

23   is only one Doe defendant in this action, unlike other actions where attempts to identify multiple

24   Does at once were denied.  *See, e.g.*, *Malibu Media, LLC v. John Does 1 though 10*, Civ. No. 12-

25   3623-ODW (C.D. Cal. June 27, 2012) (Wright, J.) (allowing ex-parte discovery for first Doe

26   defendant); *Discount Video Center, Inc. v. Does 1-5041*, Civ. No. 11-2694 CW (N.D. Cal. Sept.

27   23, 2011) (Grewal, M.J.) (same).

28

For the reasons stated, this order **GRANTS** the motion as follows:

1.  Plaintiff immediately may serve Rule 45 subpoena on Wave Broadband to obtain information to identify the Doe defendant, including the name, address, telephone numbers, email addresses, and media access control addresses.  The subpoena shall have a copy of this Order attached.

2.  Any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.

3.  Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers.

4.  Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

5.  If any entity subpoenaed pursuant to this order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 28 days from the date of service.

6.  The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS SO ORDERED.**

Dated:   October 22, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3